UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 00-6148-CR-DIMITROULEAS**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MICHAEL THOMAS,

Defendant.
_____/

**MOTION TO DISMISS INDICTMENT IN LIGHT OF
RECENT SUPREME COURT DECISIONS IN
APPRENDI v. NEW JERSEY AND JONES v. UNITED STATES**

COMES NOW the Defendant, Michael Thomas, by and through his undersigned counsel, pursuant to Rules 7 and 12 of the Federal Rules of Criminal Procedure, in light of the United States Supreme Court recent decisions in Apprendi v. New Jersey, 530 U.S. __ (U.S. June 26, 2000)[2000 WL807189] and Jones v. United States, 530 U.S. __ (U.S. June 29, 2000)[2000 WL217939] and as grounds and in support thereof states as follows:

1.  On June 26, 2000 the Supreme Court decided Apprendi v. New Jersey, 530 U.S. __ (U.S. June 26, 2000)[2000 WL807189], holding that:

    > [O]ther than the fact of a conviction, any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury, and proved beyond a reasonable doubt... '[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.'

    > Id. at *13. (Emphasis added; citations omitted).

Apprendi involved a State hate-crimes statute, which allowed for an enhanced penalty if the trial judge found by a preponderance of the evidence that the defendant acted with a "biased purpose." There was no mention of "biased purpose" in the Apprendi indictment, however, and the jury made no findings in that regard. Since, However, the "biased purpose" increased the defendant's sentence above the ten (10) year maximum for the offense charged in the indictment, the court considered it an "element of the offense." And since it had neither been alleged nor proved to the jury, the enhanced sentence was unconstitutional, and the court issued an opinion vacating it.

2. Three (3) days later, on June 29, 2000, the Supreme Court in Jones v. United States, 530 U.S. __ (U.S. June 29, 2000)[2000 WL217939], made clear that the rule of Apprendi applied to drug cases as well, by vacating the judgment in a Tenth Circuit crack cocaine case and remanding for further consideration in light of Apprendi. The import of the decision in Jones to the instant scenario is obvious. In Jones, the Tenth Circuit had affirmed a defendant's sentence to two (2) concurrent terms of 30 years imprisonment for distributing and possessing with intent to distribute crack cocaine - despite the indictment's specific reference to Title 21 U.S.C. Section 841(b)(1)(C), and that provision's specification of a 20 year maximum penalty. See United States v. Jones, 194 F.3d 1178 (10th Cir. 1999). According to the Tenth Circuit, Section 841(b)(1) was a "sentence provision independent of the substantive charges to which it applies." Id. at 1183. In the Tenth Circuit's view, a sentencing judge could "consider quantities of drugs not charged in the information or indictment or proven at trial when determining the applicable mandatory sentencing directives

of Section 841(b)(1). Id. at 1183-84.

3. Prior to Apprendi and Jones, the Eleventh Circuit, like the Tenth Circuit, had "clearly rejected the characterization of the amount of drugs as an element of the offense under [21 U.S.C.] Section 841." United States v. Hester, 199 F.3d 1287, 1291 (11th Cir. 2000).

4. Based upon Apprendi and Jones, such is no longer the law of the land. To the extent that any factor, such as drug amount increases a defendant's sentence above the statutory maximum, it must be alleged in the indictment, and proved beyond a reasonable doubt to the jury. If it is not, a defendant's sentence above the statutory maximum is unconstitutional. See also Jones v. United States, 526 U.S. 227, 243, n.6 (1999)("under the due process clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.")

5. Specifically, the Indictment in this case charges the Defendant, Michael Thomas, with one (1) Count each of cultivating ". . . a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, U.S.C. Section 841(a)(1)," [Count I]; intentionally possessing with intent to distribute ". . . a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, U.S.C. Section 841(a)(1)," [Count II]; maintaining a place for the purpose of manufacturing ". . . a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, U.S.C. Section 856(a)(1)," [Count III]; and maintaining a place for the purpose of manufacturing ". . . a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, U.S.C. Section 856(a)(1)" within 1000 feet of ". . . a public secondary school" in violation of Title 21,

U.S.C. Sections 856(a)91) and 860 (Count IV).

6. None of the Counts in the instant Indictment specify a particular amount of marijuana - only "a detectable amount of marijuana." In contrast to <u>Jones</u>, the Indictment at bar does not even mention Section 841(b)(1), which specifies the penalties for a violation of Section 841(a).

7. Without any specification of the alleged detectable amount of marijuana in the Indictment, and without jury findings in that regard, the enhanced penalty provisions of Section 841(b) are applied to Michael Thomas in violation of his Fifth Amendment rights under the Presentment Clause and Due Process Clause as well as his Sixth Amendment right to notice and guarantee of a jury trial.

WHEREFORE, based upon the foregoing grounds and authority, the Defendant, Michael Thomas respectfully requests this Honorable Court enter an Order dismissing the Indictment at bar.

I HEREBY CERTIFY that the original was mailed this **14th day of AUGUST, 2000** to Assistant United States Attorney, Jeffrey Kaplan, Office of the United States Attorney, 500 East Broward Boulevard Fort Lauderdale, Florida 33301.

        Respectfully Submitted,

        LAW OFFICES OF RICHARD L. ROSENBAUM
        ATTORNEY FOR DEFENDANT
        One East Broward Boulevard
        Suite 1500, South Trust Plaza
        Fort Lauderdale, Florida 33301
        Telephone (954) 522-7000
        Facsimile (954) 522-7003
        Florida Bar No: 394688

        BY_____
           RICHARD L. ROSENBAUM