UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 00-6148-CR-DIMITROULEAS**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL THOMAS,

        Defendant.

_____/

**MOTION FOR A BILL OF PARTICULARS**

      COMES NOW the Defendant, Michael Thomas, by and through his undersigned counsel,

and respectfully requests this Honorable Court require the Government to file a Bill of Particulars

specifying the quantity of marijuana alleged in each Count of the Indictment, and as grounds and

in support thereof states as follows:

1.    The Indictment in this case charges the Defendant, Michael Thomas, with one (1) Count

      each of cultivating ". . . a mixture and substance containing a detectable amount of

      marijuana, in violation of Title 21, U.S.C. Section 841(a)(1)." [Count I]; intentionally

      possessing with intent to distribute ". . . a mixture and substance containing a detectable

      amount of marijuana, in violation of Title 21, U.S.C. Section 841(a)(1)." [Count II];

      maintaining a place for the purpose of manufacturing ". . . a mixture and substance

      containing a detectable amount of marijuana, in violation of Title 21, U.S.C. Section

      856(a)(1)."[Count III]; and maintaining a place for the purpose of manufacturing ". . . a

      mixture and substance containing a detectable amount of marijuana, in violation of Title

      21, U.S.C. Section 856(a)(1)" within 1000 feet of ". . . a public secondary school" in

violation of Title 21, U.S.C. Sections 856(a)91) and 860 (Count IV).

2.    On June 26, 2000 the Supreme Court decided <u>Apprendi v. New Jersey</u>, 530 U.S. __ (U.S.

June 26, 2000)[2000 WL807189], holding that:

> [O]ther than the fact of a conviction, <u>any</u> <u>fact</u> that increases the
> penalty for a crime beyond the prescribed maximum must be
> submitted to a jury, and proved beyond a reasonable doubt... '[I]t is
> unconstitutional for a legislature to remove from the jury the
> assessment of facts that increase the prescribed range of penalties to
> which a criminal defendant is exposed. It is equally clear that such
> facts must be established by proof beyond a reasonable doubt.'

<u>Id</u>. at *13. (Emphasis added; citations omitted).

<u>Apprendi</u> involved a State hate-crimes statute, which allowed for an enhanced

penalty if the trial judge found by a preponderance of the evidence that the

defendant acted with a "bias purpose." There was no mention of "bias purpose" in

the <u>Apprendi</u> indictment, however, and the jury made no findings in that regard.

Since, However, the "bias purpose" increased the defendant's sentence above the

ten (10) year maximum for the offense charged in the indictment, the court

considered it an "element of the offense." And since it had neither been alleged nor

proved to the jury, the enhanced sentence was unconstitutional, and the court

issued an opinion vacating it.

3.    Three (3) days later, on June 29, 2000, the Supreme Court in <u>Jones v. United States</u>, 530

U.S. __ (U.S. June 29, 2000)[2000 WL217939], made clear that the rule of <u>Apprendi</u>

applied to drug cases as well, by vacating the judgment in a Tenth Circuit crack cocaine

case and remanding for further consideration in light of <u>Apprendi</u>. The import of the

decision in <u>Jones</u> to the instant scenario is obvious. In <u>Jones</u>, the Tenth Circuit had

affirmed a defendant's sentence to two (2) concurrent terms of 30 years imprisonment for

2

distributing and possessing with intent to distribute crack cocaine - despite the

indictment's specific reference to Title 21 U.S.C. Section 841(b)(1)(C), and that

provision's specification of a 20 year maximum penalty. See United States v. Jones, 194

F.3d 1178 (10th Cir. 1999). According to the Tenth Circuit, Section 841(b)(1) was a

"sentence provision independent of the substantive charges to which it applies." Id. at

1183. In the Tenth Circuit's view, a sentencing judge could "consider quantities of drugs

not charged in the information or indictment or proven at trial when determining the

applicable mandatory sentencing directives of Section 841(b)(1). Id. at 1183-84.

4. Prior to Apprendi and Jones, the Eleventh Circuit, like the Tenth Circuit, had "clearly

rejected the characterization of the amount of drugs as an element of the offense under [21

U.S.C.] Section 841." United States v. Hester, 199 F.3d 1287, 1291 (11th Cir. 2000).

5. Based upon Apprendi and Jones, such is no longer the law of the land. To the extent that

any factor, such as drug amount increases a defendant's sentence above the statutory

maximum, it must be alleged in the indictment, and proved beyond a reasonable doubt to

the jury. If it is not, a defendant's sentence above the statutory maximum is

unconstitutional. See also Jones v. United States, 526 U.S. 227, 243, n.6 (1999)("under

the due process clause of the Fifth Amendment and the notice and jury trial guarantees of

the Sixth Amendment, any fact (other than prior conviction) that increases the maximum

penalty for a crime must be charged in an indictment, submitted to a jury, and proven

beyond a reasonable doubt.")

6. None of the Counts in the instant Indictment specify a particular amount of marijuana -

only "a detectable amount of marijuana." In contrast to Jones, the Indictment at bar does

not even mention Section 841(b)(1), which specifies the penalties for a violation of Section

3

841(a)

7.    Without any specification of the alleged detectable amount of marijuana in the Indictment, and without jury findings in that regard, the enhanced penalty provisions of Section 841(b) are applied to Michael Thomas in violation of his Fifth Amendment rights under the Presentment Clause and Due Process Clause as well as his Sixth Amendment right to notice and guarantee of a jury trial.

8.    The law is well settled that whether an indictment sufficiently alleges a statutorily proscribed offense is a question of law. Rodriguez v. Ritchy, 556 F.2d 1185, 1191, n.22 (5th Cir. 1977), cert. denied 434 U.S. 1047, 98 S.Ct. 894, 54 L.Ed.2d 799 (1978); United States v. Steele, 117 F.3d 1231, 1233 (11th Cir. 1997).

WHEREFORE, based upon the foregoing grounds and authority, the Defendant, Michael Thomas respectfully requests this Honorable Court enter an Order requiring the Government to provide a Bill of Particulars as to the quantity of marijuana or number of plants alleged at bar.

I HEREBY CERTIFY that the original was mailed this **14th day of AUGUST, 2000** to Assistant United States Attorney, Jeffrey Kaplan, Office of the United States Attorney, 500 East Broward Boulevard Fort Lauderdale, Florida 33301.

Respectfully Submitted,

LAW OFFICES OF RICHARD L. ROSENBAUM
ATTORNEY FOR DEFENDANT
One East Broward Boulevard
Suite 1500, South Trust Plaza
Fort Lauderdale, Florida 33301
Telephone (954) 522-7000
Facsimile (954) 522-7003
Florida Bar No: 394688

BY

RICHARD L. ROSENBAUM

4