UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO: 00-6148-CR-DIMITROULEAS**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHAEL THOMAS,

    Defendant.

_____/

**MOTION FOR DISCLOSURE OF THE CONFIDENTIAL INFORMANT
AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, Michael Thomas, by and through undersigned counsel, moves this Court for an order requiring the government to disclose the true identity and whereabouts of the confidential informant or cooperating witness utilized by the government in this case, and relied upon by the Magistrate in issuing the Search Warrant which yielded the alleged contraband at bar, in accordance with the Defendant's Federal Constitutional Rights, and respectfully requests this Honorable Court grant the relief requested herein, and states as follows :

1. Defendant, Michael Thomas' request is based on the fact that this confidential witness is critically important to the Defendant and essential regarding the government's assertion that probable cause existed for the search at bar, and with regards to some or all of the charges contained in this Indictment. See Exhibit "A" attached hereto and incorporated herein by reference.

2. The opportunity to ascertain who the witness is and interview this witness who is known to the government, is crucial to the preparation of the Defendant's defense and to the fair



determination of this cause. If permitted a pre-hearing interview, the defendant will be able to uncover the lack of reliability, lack of credibility and the true motives of the government's witness, and the same shall allow Michael Thomas to obtain evidence fundamental to his defense. Because of the importance of the witness to the constitutional issues raised in this case, Michael Thomas' defense and the trial preparation relative thereto, undersigned counsel needs access to all relevant information and asserts that denial of this motion shall violate Michael Thomas' constitutional rights to a fair trial and to due process of law.

### FACTS

Michael Thomas was indicted by a Federal Grand Jury in the Southern District of Florida based, inter alia, upon information alleged to have been provided by a confidential informant

DEA Agent Kris Hunt submitted an Affidavit in support of Application for Search Warrant, stating that:

> During the week of April 30, 2000 a confidential source of information (SOI), who has been proven reliable in the past, related to Hollywood Police Department Det. Hector Meletich that he/she knew that a marijuana grow house was located at 1507 Coolidge Street, Hollywood, Florida. The SOI told Detective Meletich that during the week of April 23, 2000 he/she was at 1507 Coolidge Street, Hollywood, FL, and saw marijuana plants growing in the bathroom.

See Exhibit "A," a copy of which is attached hereto and incorporated herein by reference.

The defense maintains that the witness is an integral component of the government's investigation. The witness is an active participant and a transactional witness to the events of this case. The witness is an eyewitness, who possesses information that bears directly on the defense.

2

**MEMORANDUM OF LAW**

The importance of disclosure of the cooperating witness in the instant case is clear because of the fact that the issuance of the Search Warrant at bar was predicated upon law enforcement's submission of an Affidavit which relied, in large part, upon the Affiant/law enforcement officer's version of information alleged to have been relayed by the informant. At best, the information is highly suspect. It is at this point vague as to how the Informant obtained the information and when said information was obtained.

In Roviaro v. United States, 353 U.S. 53 (1957), the United States Supreme Court held that where the contents of an informant's communications are relevant and helpful to the defense of the accused, or are essential to a fair determination of the cause, the true identity of the informant must be available for interview. If the government withholds this information, the trial court may dismiss the case. See, e.g., United States v. Opager, 589 F.2d 799 (5th Cir. 1979).

The Defendant's right to production and interview the informant is clear in this case. Public policy favoring protection of the identity of a confidential informer forbids only non-essential disclosure. United States v. Ayala, 643 F. 2d 244 (5th Cir. 1981); United States v. Toombs, 479 F.2d 88 (5th Cir. 1974).

In the present case, disclosure of the true identity of the witness must be compelled because the witness is essential to the preparation of the defense. In order for this disclosure to be effective, disclosure must be made promptly so that the Defendant can properly utilize the information and prepare his defense. To date, the government has failed to provide any information concerning this witness.

The Defendant requires the assistance of the Court in order to protect his basic right to Due Process because this witness cannot be identified or located by ordinary means. This right is fundamental to our system of justice. Indeed, it is an essential component of a competent criminal defense and thus, it is prescribed by constitutional notions of due process and his Sixth Amendment right to prepare a defense. Where the Defendant's liberty is at stake, "such interviews are especially crucial". United States v. Opager, 589 F.2d at 804.

> [I]n determining whether the concept of fundamental fairness, implicit with in due process requires that the government disclose the identity and whereabouts of an informant and render reasonable assistance in locating an informant, a reviewing court must weigh the facts of each unique case and balance them against a defendant's need for access to the witness and the government's interest when withholding the identity or whereabouts of the informant. ... <u>A defendant can tip the balance in his favor if he establishes that an informant played an active or prominent role in the criminal activity</u>.
>
> United States v. McDonald, 935 F.2d 1212, 1217 (11th Cir. 1993); (citing United States v. Roviaro, 353 U.S. at 60-62; United States v. Kerris, 748 F.2d 610, 613, 614 (11th Cir. 1984)).

Here the defendant has clearly established that the witness' probable testimony will bear a direct relationship to Michael Thomas' defense and to the constitutional search and seizure issues raised in this case.

In Franks v. Delaware, 438 U.S. 154 (1978) the Court held that a defendant can obtain a suppression hearing if he makes a substantial preliminary showing that a false statement, made knowingly or with reckless disregard for the truth, was included in the affidavit and was necessary to finding probable cause. See Id. at 155-56. In this case, the informant's inforamtion that

4

marijuana plants were seen growing inside the residence was false in that the informant never saw the plants. Based upon the informant's false statements. A Franks hearing is required.

As explained in United States v. Gordon, 173 F.3d 761, 767 (10th Cir.) cert. denied [1999 WL 496159] (October 4, 1999) a defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. In determining whether to require disclosure, a court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense. The court conducts this balancing in light of the crime charged, the possible defenses, and the significance of the informant's testimony. Only when it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure. United States v. Leahy, 47 F.3d 396, 398 (10th Cir.1995) (stating that the testimony of a confidential informant "must be shown to be valuable to a defendant; mere speculation is not enough.")

In the case at bar, it is clear that the disclosure of the Confidential Informant who is alluded to in the Government's Application and Affidavit for Search Warrant is imperative as said Informant is an essential element relied upon by the Government to allege probable cause for the search of the Defendant's residence. Specifically, within Special Agent Chris Hunt's Affidavit attached to the Application for Search Warrant it is alleged that "during the week of April 30, 2000 a confidential source of information (SOI), who has been proven reliable in the past, related to Hollywood Police Department Det. Hector Meletich that he/she knew that a marijuana grow house was located at 1507 Coolidge Street, Hollywood, FL. The SOI told Det. Meletich that

during the week of April 23, 2000 he/she was at 1507 Coolidge Street, Hollywood, FL, and saw marijuana plants growing in the bathroom."

Furthermore, it is evident that absent the alleged information gained from a confidential source regarding the residence located at 1507 Coolidge Street, Hollywood, FL there was no probable cause for issuance of a Search Warrant for said residence. Based on all of the foregoing, it is necessary that the disclosure of the Confidential Informant's identity be made as his or her testimony is relevant or essential to the fair determination of the Defendant's case.

If the Defendant, through counsel, is able to speak to this witness in advance of the suppression hearing and trial, the Defendant will be better prepared to challenge the witness' statements and may be able to rebut their testimony. United States v. Opager, 589 F.2d 804. Moreover, the Defendant will be able to evaluate the firmness of the witnesses' testimony and thereby adequately prepare his defense strategy. Gregory v. United States, 369 F.2d 185, 188 (D.C. Circuit 1966), cert. denied, 396 U.S. 865 (1969). Additionally, the defendant will be in a better position to decide whether or not to enter a guilty plea. Compare United States v. Pasqual, 606 F.2d 561 (5th Cir. 1979). He will be better able to discover evidence beneficial to his defense. Gregory at 187.

Even if the Defendant knows the identity of a witness and is familiar with his background, the opportunity to interview this witness is still important in order for counsel to gather specific information regarding the witness' testimony, current activities and evidence to support his defense. United States v. Opager, 589 F.2d at 805. The Defendant's right to place a witness in his proper setting may thus be furthered. See United States v. Williams, 954 F.2d 668 (11th Cir. 1992).

Courts have consistently underscored the defendant's right to interview prospective witnesses or individuals having knowledge of the case is equal to the Governments. United States v. Opager, 589 F.2d at 805; United States v. Brown, 555 F.2d 407, 425 (5th Cir. 1977). Also, this right applies no less to a witness in protective custody. United States v. Murray, 491 F.2d 178 (9th Cir.), cert. denied, 419 U.S. 854 and 419 U.S. 942 (1973).

### BALANCING TEST

No valid reason exists at bar for the non-disclosure of the witness. The first step in deciding whether disclosure of a confidential informant is required is determining whether the government has a valid reason for any disclosure, United States v. Tenorio-Angel, 756 F.2d 1505, 1509 (11th Cir. 1985). Sub judice, no valid reason is present.

The seminal case on the government's privilege not to disclose the identity of a confidential informant is Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, (1957). In Roviaro, the Court set forth a balancing test for determining when disclosure is required. This test evaluates "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. 353 U.S. 53, at 62, 77 S.Ct. at 629. Subsequent case law has focused inquiry on three factors: (1) the extent of the informant's participation in the criminal activity, (2) the directness of the relationship between the defendant's asserted defense, the probable testimony of the informant, and (3) the government's interest in nondisclosure, See, e.g. United States v. Kerris, 748 F.2d 610 (11th Cir. 1984).

The trial court may require disclosure, however, where the defendant shows the disclosure of an informant's identity or the contents of his communication is "relevant and helpful to the

7

defense of the accused, or is essential to fair determination of the cause." Id. at 60-61. United States v. Brito, 721 F.2d 721 (11th Cir. 1983); United States v. Panton, 846 F.2d 1335 (11th Cir. 1988); United States v. Amador-Gavan, 9 F.3d 1414 (9th Cir. 1993).

Here the defendant has clearly carried his burden of demonstrating the need for the disclosure of this witness' identity. His need is not only relevant and helpful to the suppression issues but is also essential to his defense. United States v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990); United States v. McDonald, 935 F.2d 1212 (11th Cir. 1991).

The defendant respectfully submits that the court in order to protect the due process rights of the defendant should hold an in camera hearing on the defendant's need for the confidential informant's identity and testimony. The defendant has demonstrated and could provide further information if necessary ex parte, confirming that the information needed from this witness is relevant, necessary and most essential for a fair trial. United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993); United States v. Amador-Gavan, 9 F.3d 1414, 1417 (9th Cir. 1993).

## CONCLUSION

Respectfully, the Defendant submits that he has an absolute right to this information. Accordingly, he requests the Court enter an order compelling the government to disclose the true identity and whereabouts of witness and further compelling the government to make this witness available to the Defendant for interview[1] prior to trial.

---

[1] A government witness or informant may be subpoenaed pursuant to Rule 17, Federal Rules of Criminal Procedure, through the United States Attorney's Office or applicable federal law enforcement agency. United States v. Bower, 575 F.2d 499, 503 (5th Cir. 1978).

I HEREBY CERTIFY that the original was mailed this **14th day of August, 2000** to

Assistant United States Attorney, Jeffrey Kaplan, Office of the United States Attorney, 500 East Broward Boulevard Fort Lauderdale, Florida 33301.

Respectfully Submitted,

LAW OFFICES OF RICHARD L. ROSENBAUM
ATTORNEY FOR DEFENDANT
One East Broward Boulevard
Suite 1500, South Trust Plaza
Fort Lauderdale, Florida 33301
Telephone (954) 522-7000
Facsimile (954) 522-7003
Florida Bar No: 394688

BY _____
RICHARD L. ROSENBAUM

JNK:hkp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____
21 USC 841(a)(1)
21 USC 856
21 USC 860

UNITED STATES OF AMERICA, )
                          )
            Plaintiff,    )
v.                        )
                          )
MICHAEL JOSEPH THOMAS,    )
                          )
            Defendant.    )
_____)

## INDICTMENT

The Grand Jury charges that:

### COUNT I

On or about May 10, 2000, at Broward County, in the Southern District of Florida, the defendant,

MICHAEL JOSEPH THOMAS,

did knowingly and intentionally manufacture, that is, cultivate and grow, a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT II

On or about May 10, 2000, at Broward County, in the Southern District of Florida, the defendant,

### MICHAEL JOSEPH THOMAS,

did knowingly and intentionally possess with intent to distribute a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT III

On or about May 10, 2000, at Broward County, in the Southern District of Florida, the defendant,

### MICHAEL JOSEPH THOMAS,

did knowingly and intentionally maintain a place, that is, the premises located at 1507 Coolidge Street, Hollywood, Florida, for the purpose of manufacturing and distributing a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 856(a)(1).

## COUNT IV

On or about May 10, 2000, at Broward County, in the Southern District of Florida, the defendant,

MICHAEL JOSEPH THOMAS,

did knowingly and intentionally maintain a place, that is, the premises located at 1507 Coolidge Street, Hollywood, Florida, for the purpose of manufacturing and distributing a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 856(a), within 1,000 feet of the real property comprising South Broward High School, a public secondary school.

All in violation of Title 21, United States Code, Sections 856(a)(1) and 860.

A TRUE BILL

_____
FOREPERSON

*[signature]*
GUY E. LEWIS
ACTING UNITED STATES ATTORNEY

*[signature]*
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY