JNK hkp

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 00-6148-CR-DIMITROULEAS/Seltzer**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **MICHAEL THOMAS,** | ) |
| Defendant. | ) |

NIGHT BOX
ALERA
AUG 18 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## GOVERNMENT'S OPPOSITION TO MOTION
## TO DISMISS INDICTMENT IN LIGHT OF APPRENDI & JONES

The United States of America, by and through its undersigned counsel, hereby opposes as baseless defendant's Motion to Dismiss Indictment In Light of Apprendi and Jones, and states as follows:

1. Defendant Thomas has field a motion to dismiss his indictment claiming that due to the recent Supreme Court decision in Apprendi v New Jersey, 530 U.S. ___ (June 26, 2000) and Jones v. United States, 530 U.S. ___ (June 29, 2000) that the government's indictment should be dismissed as the amount of marijuana is not set forth in the indictment. The defendant's motion is frivolous.

2. In Apprendi, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court did not state an



indictment should be dismissed if it fails to allege the facts necessary for the increased punishment, only that the sentence should be limited. Thus, Apprendi provides no basis to dismiss an indictment.

3.  In this case, the government is not seeking a greater statutory maximum sentence. Instead, it is seeking a minimum mandatory sentence. It is unclear whether the logic of Apprendi applies to minimum mandatory sentences. See McMillan v Pennsylvania, 477 US 79 (1986). See also United States v Aguayo-Delgado, 2000 WL 988128 (8th Cir. July 18, 2000) (drug quantity was not required to have been charged in the indictment and proven to the jury beyond a reasonable doubt where the district court imposed the statutory minimum authorized).

Each of the counts in the indictment in this case state all the elements of an offense. The Apprendi decision provides no basis for dismissal of any of the counts of the indictment. Thus, defendant's motion is baseless and must be dismissed.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

By: _____
    JEFFREY N. KAPLAN (Court #A5500030)
    ASSISTANT UNITED STATES ATTORNEY
    500 East Broward Boulevard, Suite 700
    Fort Lauderdale, Florida 33394-3002
    Telephone: (954) 356-7306
    Facsimile: (954) 356-7228
    E-Mail: Jeffrey.Kaplan@justice.usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was hand delivered this 18th day of August, 2000, to:

Richard Rosenbaum, Esq.
1 East Broward Boulevard, Suite 1500
Fort Lauderdale, Florida 33301-1845

JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY