JNK:hkp

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. **00-6148-CR-Dimitrouleas/Snow**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| vs. | : |
| MICHAEL JOSEPH THOMAS, | : |
| Defendant. | : |

AUG 1 8 2000

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH SEARCH WARRANT AND TO SUPPRESS ILLEGALLY SEIZED EVIDENCE

The United States of America, by and through its undersigned counsel, hereby opposes the defendant's Motion To Quash Search Warrant and To Suppress Illegally Seized Evidence, as legally and factually without merit and states as follows:

1. On May 10, 2000, Magistrate Judge Barry S. Seltzer authorized a search warrant of defendant's residence at 1507 Coolidge Avenue. The items to be seized as set forth in Attachment B to the search warrant included "irrigation equipment, fertilizer, marijuana, marijuana plants." The search warrant was based on an affidavit signed by Special Agent Kris Hunt of the Drug Enforcement Administration. In the affidavit, it was stated that a confidential source of information (CS) told a Hollywood Police Detective that the CS knew of a marijuana grow house at 1507 Coolidge Street, and that the CS had seen marijuana plants growing in the bathroom during the week of April 23, 2000.



2. On May 4, 2000, Special Agent Hunt then obtained the billing records for 1507 Coolidge and a neighboring house for the months of April, 1999 through April, 2000. The kilowatt hours used by 1507 Coolidge during that period was approximately 900 hours more per month than the neighboring house. Also, the power usage for 1507 Coolidge did not follow the seasonal average.

3. On May 4, 2000, Special Agent Hunt conducted a thermal imaging scan outside of 1507 Coolidge Street. The thermal imaging scan was conducted from the street, the alley behind the residence and a neighbor's yard. At no time did Special Agent Hunt enter the property of the defendant. While conducting the scan, Special Agent Hunt noticed that the bathroom window was covered in plywood and was exhibiting unusual heat patterns. A window adjacent to the bathroom window was also exhibiting unusual heat patterns. While conducting the scan from the alley behind the defendant's residence, Special Agent Hunt could detect the smell of marijuana.

4. Without any basis in law or fact that the defendant cites numerous grounds to suppress the evidence seized. Paragraph 4b of his motion claims the search warrant contained stale information. Clearly, the six day interval between the smell of marijuana and the presentation of the search warrant to the Magistrate Judge is not undue delay. See e.g. United States v. Butler, 102 F.3d 1191, 1198 (11th Cir. 1997) and United States v. Le, 173 F.3d 1258, 1267 (10th Cir. 1999)(information 14 days old not stale because the passage of time is not of critical importance in cases of "ongoing criminal enterprise").

5. The defendant next claims that the warrant lacked sufficient detail concerning the time period in which the marijuana plants were seen in the bathroom by the CS. The search warrant

affidavit says the plants were seen during the week of April 23, 2000. The growing operation was corroborated by the thermal imaging and the Florida Power and Light records.

6. The defendant complains that the use of thermal imaging constitutes a warrantless search (Defendant's Mem. Paras 4(e), 4(h) and 4(i)). However, even the defendant admits that the use of thermal imaging is not a search within the meaning of the Fourth Amendment. United States v Robinson, 62 F.3d 1325 (11th Cir. 1995). Thermal imaging does not intrude in the defendant's home. See Robinson, supra, at 1330. As noted above, none of the thermal imaging took place on defendant's property.

7. The defendant makes equally frivolous arguments concerning the officer's detection of the smell of growing marijuana. The detection of the marijuana was done when Special Agent Hunt was in the alley behind the defendant's house doing the thermal imaging. At no time did the agent enter the defendant's property.

8. The defendant claims that the search warrant lacked particularity as the items to be seized and that the magistrate judge did not have substantial basis to conclude that wrong doing would be uncovered by a search. These arguments are baseless. The search warrant specified in Attachment B that the items to be seized were the marijuana plants, fertilizer and irrigation equipment. Further, based on the thermal imaging, Florida Power and Light records and smell of marijuana from outside of the house, there was more than sufficient evidence for the magistrate judge to issue the warrant.

8.  For the foregoing reasons, the defendant's motion to quash search warrant and suppress illegally seized evidence must be denied.

>  Respectfully submitted,
>
>  GUY A. LEWIS
>  UNITED STATES ATTORNEY
>
>  By: _____
>  Jeffrey N. Kaplan
>  Assistant United States Attorney
>  Florida Bar No. A5500030
>  500 E. Broward Boulevard, Suite 700
>  Fort Lauderdale, Florida 33394
>  Telephone: (954) 356-7255x3515
>  Facsimilie: (954) 356-7336
>  E-Mail Address:
>  Jeffrey.Kaplan@justice.usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 18th day of August, 2000, to:

Richard Rosenbaum, Esquire
1 E. Broward Blvd., Suite 1500
Fort Lauderdale, Florida 33301

_____
Jeffrey N. Kaplan
Assistant United States Attorney

-4-