JNK:hkp

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. **00-6148-CR-Dimitrouleas/Snow**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| Plaintiff, | : |
| vs. | : |
| **MICHAEL JOSEPH THOMAS,** | : |
| Defendant. | : |

FILED
AUG 18 2000
CLARENCE MADDOX
CLERK USDC / SDFL / FTL

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION FOR DISCLOSURE OF THE CONFIDENTIAL INFORMANT**

The United States of America, by and through its undersigned counsel, hereby opposes the defendant's Motion for Disclosure of the Confidential Informant, and states as follows:

1.  The investigation of the defendant began when a confidential source (CS) provided information that marijuana plants were growing in the defendant's bathroom at 1507 Coolidge Street, Hollywood, Florida. The CS solely viewed the marijuana plants, and did not participate in the growing of the plants or any narcotics transaction with the defendant. The information provided by the defendant was corroborated by a Drug Enforcement Administration agent through thermal imaging, Florida Power and Light records, a visual inspection of the house where the bathroom was covered by plywood, and the agent smelling growing marijuana from the alley behind the defendant's house. A search warrant was obtained and a search of defendant's residence revealed a marijuana growing operation in the defendant's house.



2. The defendant now claims that the confidential source "is an integral component of the government's investigation," and "is an active participant and a transactional witness to the events of this case." Neither statement is true. The confidential source merely provided information to the government and was not either an active participant or a transactional witness to the events of the case.

3. The defendant also claims that the confidential source "is an eyewitness, who possesses information that bears directly on the defense." However, the defendant fails to state what information is possessed and how it bears directly on the defense.

4. The confidential source is akin to a mere tipster. The law is abundantly clear that the identity of a mere tipster does not require disclosure. See United States v. Gutierrez, 931 F.2d 1482, 1490 (11th Cir. 1991) and United States v. Diaz, 655 F.2d 580 (5th Cir. Unit B 1981), cert denied, 455 U.S. 910 (1982). Even if the confidential source is not considered a mere tipster, disclosure is not required under the balancing test discussed in Roviaro v. United States, 358 U.S. 53, 59-61 (1957). In United States v. Tenerio-Angel, 756 F.2d 1505, 1509 (11th Cir. 1985), the Eleventh Circuit noted that in applying the balancing test to determine if disclosure is required the case law has focused on three factors: the extent of the informant's participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and the government's interest in nondisclosure. As noted above, the confidential source did not participate in the criminal activity and the defendant has failed to set forth any facts as to the relationship of any defense and the confidential source's

probable testimony. The Hollywood Police Detective has stated that the confidentiality of the CS is necessary for the safety of the CS.

5.  For the foregoing reasons, the defendant's motion for disclosure of the confidential informant should be denied.

> Respectfully submitted,
>
> GUY A. LEWIS
> UNITED STATES ATTORNEY
>
> By: _____
> Jeffrey N. Kaplan
> Assistant United States Attorney
> Florida Bar No. A5500030
> 500 E. Broward Boulevard, Suite 700
> Fort Lauderdale, Florida 33394
> Telephone: (954) 356-7255x3515
> Facsimilie: (954) 356-7336
> E-Mail Address:
> (Jeffrey.Kaplan@justice.usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 18th day of August, 2000, to:

Richard Rosenbaum, Esquire
1 E. Broward Blvd., Suite 1500
Fort Lauderdale, Florida 33301

_____
Jeffrey N. Kaplan
Assistant United States Attorney

-3-