UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

CASE NO. 00-6148-CR-DIMITROULEAS

    Plaintiff,

vs.

MICHAEL THOMAS,

    Defendant.

_____/

FILED by _____ D.C.

AUG 2 3 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## **OMNIBUS ORDER**

THIS CAUSE having been heard upon Defendant's August 14, 2000 Request For

Disclosure Of Expert Testimony [DE-23], Request For Specific Brady and Kyles Information

[DE-24], Motion To Suppress [DE-25], Motion To Dismiss [DE-26], Motion For Bill Of

Particulars [DE-27] and Motion For Disclosure of Confidential Informant [DE-28] and the Court

having received responses from the Government [DE-31 through 36], finds as follows:

1. The Request for Disclosure of Expert Testimony [DE-23] is Denied as Moot. The

Government has responded.

2. The Request for Specific Kyles and Brady Information [DE-24] is Denied for the

reasons set forth in the Government's response.

3. The Motion to Quash Search Warrant and to Suppress Illegally Seized Evidence [DE-

25] is Denied. The Request for an Evidentiary Hearing is Denied. The affidavit signed by Kris

Hunt on May 10, 2000 established probable cause to believe that marijuana was being grown in

the home at 1507 Coolidge Street, Hollywood, Florida.

    A. A defendant is not entitled to a hearing to determine the veracity of a search

warrant unless he can make a substantial preliminary showing that false statements were



intentionally or recklessly made or relevant information was omitted. U.S. v. McNeil, 184 F. 3d 770, 775 (8th Cir. 1999). Conclusory allegations, without supporting facts, are insufficient to warrant the granting of an evidentiary hearing. Franks v. Delaware, 438 U.S. 154, 171 (1978).

B. The information in the affidavit was not stale. The question of staleness depends upon the inherent nature of the crime. U.S. v. Spikes, 158 F. 3d 913, 923 (6th Cir. 1998). Here, a reliable source reported marijuana being grown in the residence, as of the week of April 23, 2000. Within 17 days, the agents had confirmed that report with both electricity records and thermal imagery; both Detective Meletich and Agent Hunt detected the odor of cannabis coming from the home. There was good reason to believe that marijuana was still being grown in the home.

C. Thermal imaging scans of homes are not a search within the meaning of the Fourth Amendment. U.S. v. Kyllo, 190 F. 3d 1041, 1045 (9th Cir. 1999); U.S. v. Robinson, 62 F. 3d 1325 (11th Cir. 1995). The Court need not conduct a Daubert hearing since there is no offer of thermal imaging as evidence in the trial at this time.

D. The general allegations of a violation of the knock and announce rule are insufficient to warrant a hearing. There are no allegations that anyone was home at the time of the entry. U.S. v. Barnes, 195 F. 3d 1027, 1029 (8th Cir. 1999). Any speculation that the agent may have been trespassing when he made his olfactory impressions does not warrant an evidentiary hearing.

E. The smell of raw cannabis is sufficient to establish probable cause for a search. U.S. v. Portman, 207 F. 3d 1032, 1033 (8th Cir. 2000).

F. The Government has not responded to the seizure of Alprazolam. If the Government is seeking to introduce those pills at trial, then a hearing might be necessary to

determine whether the incriminating nature of the pills was immediately apparent to the seizing agents. If the Government does not seek to introduce the pills, then their seizure, even if unlawful, would not render the entire search invalid. U.S. v. Hamil, 165 F. 3d 80, 83-84 (1ˢᵗ Cir. 1999).

4. The Motion To Dismiss Indictment [DE-26] is DENIED.[1] McMillan v. Pennsylvania, 477 U.S. 79 (1986); U.S. v. Aguayo-Delgado, 2000 W.L. 988128 (8ᵗʰ Cir. 2000).

5. The Motion For Bill of Particulars [DE-27] is Denied as Moot in that the Government has responded. [DE-35].

6. The Motion for Disclosure of Confidential Informant [DE-28] is Denied. Mere tipsters are not so closely related to a crime so as to require their disclosure. U.S. v. Hickman, 151 F. 3d 446, 459 (5ᵗʰ Cir. 1998); U.S. v. Robinson, 144 F. 3d 104 (1ˢᵗ Cir. 1998). There is no allegation that the informant will testify at trial or that the informant could assist the Defendant in his defense. Finally, there is an allegation that the police have a safety concern. This is not a case where misidentification is the defense. See U.S. v. Rutherford, 175 F. 3d 899 (11ᵗʰ Cir. 1999).

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 23 day of August, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[1]Unlike in other pending cases, the Government has apparantly decided not to seek a superceding indictment in this case.

Copies furnished to:

Jeffrey Kaplan, AUSA

Richard Rosenbaum, Esquire
One E. Broward Boulevrad, #1500
Ft. Lauderdale, FL 33301