UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

SEP - 6 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES OF AMERICA,

Plaintiff,

CASE NO: 00-6148-CR-DIMITROULEAS

v.

MICHAEL THOMAS,

Defendants.
_____/

## DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE

COMES NOW, the Defendant, Michael Thomas, pursuant to Rule 3.190 of the Fla.R.Crm.P., and respectfully requests this Honorable Court enter an Order continuing the trial presently set in this matter for the two week docket period commencing September 11, 2000, and as grounds and in support thereof states as follows:

1.  The Defendant, Michael Thomas, has been charged with various counts surrounding cultivating cannabis.
2.  A Calendar Call in this matter has been scheduled for September 8, 2000. Trial has been scheduled for the two week docket period commencing September 11, 2000.
3.  Additional time is needed to reach a resolution of this cause.
4.  Undersigned counsel learned late last week that a Superseding Indictment was returned in this case. To date, neither defense counsel nor the Defendant, Michael Thomas, have received or reviewed the Superseding Indictment.
5.  Upon information and belief, the Superseding Indictment specified a number of alleged plants in accordance with the United States Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000).
6.  A potential defense in this matter surroundings the characterization of "root clusters" as

"plants". Pursuant to the Response to Defendant's Motion for Bill of Particulars, the Government has indicated it shall attempt to establish that 137 marijuana plants, including 39 root clusters were recovered pursuant to the Search Warrant issued in this cause.

7. Undersigned counsel has spoken with expert witnesses concerning the number of "plants" attributable for sentencing guideline purposes and for purposes of determining minimum mandatory penalties which may apply at bar. One such expert, Mr. Ed. Rosenthal, a resident of California, is unable to travel to Florida during the two week docket commencing September 11, 2000.

8. Prior to the return of the Superseding Indictment, Defendant, Michael Thomas, took steps to ensure that a "plant expert" would be in attendance at sentencing. Now, in light of Apprendi and the Superseding Indictment, the number of plants is now a trial issue.

9. Based upon the temporary unavailability of the defense expert, a brief continuance of trial is required.

10. The Government agrees with Defendant, Michael Thomas, that a continuance of the instant trial period is appropriate.

11. This Motion is not filed for delay or avoidance.

12. Good cause exists for entry of an order continuing trial.

WHEREFORE, based upon the foregoing the Defendant, Michael Thomas, respectfully requests this Honorable Court enter an Order continuing trial presently set in this matter for the two week docket period commencing September 11, 2000.

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was mailed and faxed this **6th day of September, 2000** to:

AUSA Jeffrey Kaplan, Office of the U.S. Attorney, 500 E. Broward Blvd., Ft. Laud., FL 33301.

Respectfully submitted,

LAW OFFICES OF RICHARD L. ROSENBAUM
ATTORNEY FOR DEFENDANT
SUITE 1500, SOUTHTRUST BANK
ONE EAST BROWARD BLVD.
FT. LAUDERDALE, FL 33301
TELEPHONE: (954) 522-7000
FLORIDA BAR NO: 394688

_____
RICHARD L. ROSENBAUM

cc:   Michael Thomas