Case 0:00-cr-06148-WPD    Document 76    Entered on FLSD Docket 04/07/2004    Page 1 of 3

JNK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6148-CR-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| v. | : |
| MICHAEL THOMAS, | : |
| DEFENDANT. | : |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO TERMINATE SUPERVISED RELEASE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby opposes Defendant's Motion to Terminate Supervised Release, and states as follows:

1.  In January 2001, the defendant was sentenced to 24 months imprisonment followed by 36 months of supervised release. The defendant has completed his period of incarceration and is currently on supervised release.

2.  The defendant has petitioned this court for an early termination to his period of supervised release (DE:74) In order to terminate his supervise release the defendant should have a compelling reason, not simply that he wants "to put closure on his past."

1



3. Defendant states in a letter to this Court that "[p]robation has informed that I would not be able to use my real estate license until I have completed my period of supervised release." The undersigned AUSA has spoken with the defendant's probation officer, Albert Torres, who stated he never told the defendant that the defendant cannot use his real estate license while on supervised release. The probation officer stated that when the defendant was convicted in this case his real estate license was suspended. According to the web site of the Florida Department of Business Licensing and Registration, the defendant's license is inactive. His discipline status says "conditions." The defendant has not stated in his petition that he has attempted to activate his real estate license. He would have to write a letter to the Real Estate Board requesting that his license be activated. The defendant may not be able to activate his license, even if his supervised release is terminated. Thus, the reinstatement of the defendant's real estate license is not a compelling reason for termination of his supervised release.

4. The defendant has had problems in the past with drugs and alcohol. The defendant is being drug tested while on supervision. The defendant needs to serve the entire period of supervised release in order to ensure that he remains sober.

5. Thus, as the defendant has not presented a compelling reason as to why his supervised release should be terminated, his motion to terminate his supervised release should be denied.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
JEFFREY N. KAPLAN
ASSISTANT U.S ATTORNEY
COURT NO.
500 E. BROWARD BLVD. STE 700
FORT LAUDERDALE, FL 33394
(954) 356-7255/(954) 356-7336
JEFFREYKAPLAN@USDOJ.GOV

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this 6th day of April, 2004, to Michael Thomas, 1797 NE 15 Ave., Fort Lauderdale, Florida 33305.

_____
JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY